IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| EDUCATION AFFILIATES INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No. MJM-24-860 |
| v. | * | |
| | * | |
| GREAT AMERICAN INSURANCE COMPANY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * *

## MEMORANDUM ORDER

Upon motion of defendant Great American Insurance Company ("Defendant"), ECF No. 5, this Court entered a Memorandum and Order dismissing the Complaint without prejudice, ECF Nos. 11, 12; *Educ. Affiliates Inc. v. Great Am. Ins. Co.*, Civ. No. MJM-24-860, 2025 WL 974353 (D. Md. Mar. 31, 2025). Now pending is plaintiff Education Affiliates, Inc.'s ("Plaintiff") Motion to Alter or Amend Under Federal Rule of Civil Procedure 59(e). ECF No. 13. For the reasons set forth below, Plaintiff's motion is denied.

This dispute arises from an excess insurance policy (the "Excess Policy") Plaintiff obtained from Defendant. The Excess Policy covers certain losses also covered by a primary insurance policy ("Primary Policy") that Plaintiff obtained from National Union Fire Insurance Company of Pittsburgh ("National Union"), to the extent those losses exceed certain limits set in the Primary Policy. Relevant facts alleged in the Complaint and relevant provisions of the insurance policies

1

are summarized in the Court's prior Memorandum, which are incorporated here by reference. *See* ECF No. 11 at 2–4; *Educ. Affiliates*, 2025 WL 974353, at *1–2.

Plaintiff filed a Complaint against Defendant alleging breach of contract and bad faith, ECF No. 1, and Defendant filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 5. After the matter was fully briefed, the Court determined that Plaintiff failed to state plausible claims for relief, granted Defendant's motion, and dismissed the Complaint without prejudice. ECF Nos. 11 & 12; *Educ. Affiliates*, 2025 WL 974353, *4–5. Specifically, the Court interpreted relevant insurance policy provisions to find that Defendant's liability under the excess policy to cover the claimed excess loss would depend on how much loss occurred during each period of coverage under prior primary policies. *Educ. Affiliates*, 2025 WL 974353, *4–5. Because it was apparent from the Complaint that the loss did not occur entirely (and, perhaps, not at all) within the Policy Period of the primary insurance policy Plaintiff obtained from National Union Fire Insurance Company of Pittsburgh ("National Union"), the facts alleged in the Complaint did not support a reasonable inference that Defendant was liable for the coverage claimed in this action. *Id.*

Plaintiff filed a motion to alter or amend the Court's Order dismissing the Complaint under Rule 59(e) of the Federal Rules of Civil Procedure, ECF No. 13, which Defendant opposed, ECF No. 14, and Plaintiff filed a reply in support of the motion, ECF No. 17. No hearing is necessary to resolve the motion. *See* Loc. R. 105.6 (D. Md. 2025).

Federal Rule of Civil Procedure 59(e) permits parties to motion to alter or amend a court's judgment within twenty-eight days of a judgment. Fed. R. Civ. P. 59(e). A district court may grant a Rule 59(e) motion "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest

2

injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). A Rule 59(e) motion is "an extraordinary remedy which should be used sparingly." *Id.* (citation omitted). Grounds for reconsideration of a judgment are "purposefully narrow" to avoid exhausting the parties' and the Court's resources on the re-litigation of settled matters. *Crocetti v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). "[M]ere disagreement" with the court's ruling is inadequate grounds for reconsideration under Rule 59(e). *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (citation omitted). And a Rule 59(e) motion "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins.*, 148 F.3d at 403 (citations omitted).

Plaintiff argues that the Court erred in citing an unreported decision of Maryland's intermediate court, *Cristal USA, Inc. v. XL Specialty Ins. Co.*, No. 2494 Sept. Term, 2014, 2017 WL 727795, at *20 (Md. Ct. Spec. App. Feb. 24, 2017), for the proposition that National Union's coverage decision was not automatically binding on Defendant. ECF No. 13-1 at 2, 5–8. Plaintiff contends that *Cristal* lacks precedential and persuasive value under Maryland law. *Id.* at 6. But it is "[f]ederal, not state, law" that "determines the weight that [federal courts] give to state court decisions[.]" *Gelin v. Maryland*, 132 F.4th 700, 716 n.8 (4th Cir. 2025). So, the rule precluding Maryland courts from citing unpublished decisions like *Cristal* "doesn't matter" here and does not limit what authorities this Court may consider to draw conclusions about Maryland's substantive law. *Id.* Because there is no decision of the Maryland Supreme Court on the issue of whether an excess insurer, like Defendant, is necessarily bound by the coverage decisions of a primary insurer, like National Union, this Court is left "to predict how [the Maryland Supreme Court] would rule

3

if presented with the issue." *Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C.*, 433 F.3d 365, 369 (4th Cir. 2005) (citation omitted). Making this determination calls for consideration of "'all the available data'—including the 'considered judgment' of 'an intermediate appellate state court' . . . ." *Gelin*, 132 F.4th at 716 n.8 (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)). In addition to "lower court opinions[,]" the Court may consider "the teachings of treatises[] and 'the practices of other states.'" *Twin City Fire Ins. Co.*, 433 F.3d at 369 (citation omitted).

Here, this Court properly relied upon a decision of Maryland's intermediate appellate court as persuasive authority on the issue, in the absence of any contrary authority on Maryland law. And court decisions on the law of other states lends further support to this Court's conclusion. *See Shy v. Ins. Co. of the State of Penn.*, 528 F. App'x 752, 754 (9th Cir. 2013) ("[Excess insurer] is not bound by [primary insurer's] determination that there was coverage."); *Lexington Ins. Co. v. Scott Homes Multifamily, Inc.*, No. CV-12-02119-PHX-JAT, 2014 WL 231989, at *8 (D. Ariz. Jan. 22, 2014) (citing *Shy*) ("[Excess insurer] is not bound by [primary insurer's] coverage decision."); *Allmerica Fin. Corp. v. Certain Underwriters at Lloyd's, London*, 871 N.E.2d 418, 428 (Mass. 2007) ("An excess carrier's intent to incorporate the same words used in a separate agreement between the primary insurer and the insured does not imply an intent by the excess carrier to accept decisions made by the primary carrier about the extent of its obligations under its own agreement."); *Big Lots Stores, Inc. v. Am. Guarantee & Liab. Ins. Co.*, 240 F. Supp. 3d 725, 731 n.4 (S.D. Ohio 2017) (quoting *Allmerica*) (same); *Daileader v. Certain Underwriters at Lloyd's London - Syndicate 1861*, 670 F. Supp. 3d 12, 33–34 (S.D.N.Y. 2023), *aff'd sub nom. Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, No. 23-690-CV, 2023 WL

4

7648381 (2d Cir. Nov. 15, 2023), and *aff'd sub nom. Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, 96 F.4th 351 (2d Cir. 2024) (citing *Cristal* and *Allmerica*).

Plaintiff cautions that the Court's determination that an excess insurer is not automatically bound by the coverage decisions of a primary insurer will negatively impact the insurance market and applicable public policy in Maryland. ECF No. 13-1 at 3, 9. Plaintiff's concerns are overstated. The Court's conclusion that Defendant was not bound by the National Union's coverage decision was reached in the absence of contrary language in the policies at issue in this case. Customers in the insurance market remain free to bargain for provisions the applicable policies in this case lack.

Plaintiff also takes issue with this Court citing *Gray & Assocs., LLC v. Travelers Cas. & Sur. Co. of Am.*, Civ. No. CCB-07-2216, 2008 WL 822130, at *4 (D. Md. Mar. 25, 2008), and *Emcor Grp., Inc. v. Great Am. Ins. Co.*, Civ. No. ELH-12-0142, 2013 WL 1315029, at *17 (D. Md. Mar. 27, 2013), *aff'd*, 636 F. App'x 189 (4th Cir. 2016), for the general proposition that "insurance policy provisions like those at issue here do not cover loss that occurred before the stated policy period." *Educ. Affiliates*, 2025 WL 974353, at *4. Plaintiff draws distinctions between the policies at issue here and those in *Gray* and *Emcor*, arguing that this Court did not properly construe relevant provisions of the policies in the instant case. ECF No. 13-1 at 13–16. I am not persuaded. In its Memorandum, the Court cited and interpreted relevant provisions of the excess and primary policies at issue here. *Educ. Affiliates*, 2025 WL 974353, at *2–4. The Court determined that Defendant's liability for the coverage Plaintiff claims depends on the timing of the losses and concluded that Plaintiff's failure to plead that information rendered Defendant's liability "speculative"—that is, possible but lacking a "plausible" factual basis. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Plaintiff identifies no clear legal error in the Court's

conclusions. Plaintiff's disagreement with the Court's analysis does not entitle it to relief under Rule 59(e).

Plaintiff defends the omission of facts about the timing of key events by claiming that these facts "were not relevant to [Plaintiff's] interpretation of the Excess and Primary Policies and theory of the case." ECF No. 13-1 at 18. While Plaintiff is free to choose what legal theories to invoke in support of its claims, this Court is not obligated to accept Plaintiff's legal conclusions. *See Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019).

In sum, this Court does not find that its dismissal of the Complaint was determined by any "clear error of law" or that reconsideration of the dismissal is necessary to "prevent manifest injustice." *Pac. Ins.*, 148 F.3d at 403. Plaintiff does not contend that it is entitled to relief due to any "intervening change in controlling law" or any new facts or evidence. *Id.* Therefore, the Court finds that Plaintiff is not entitled to the "extraordinary" relief of amendment of the Court's Order under Rule 59(e). *Id.*

Accordingly, it is by the United States District Court for the District of Maryland hereby ORDERED that Plaintiff's Motion to Alter or Amend under Federal Rule of Civil Procedure 59(e) is DENIED.

| | |
|---|---|
| 12/22/2025 | /S/ |
| Date | Matthew J. Maddox |
| | United States District Judge |